IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREW HALSTEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 04-815-SLR |
| | ) | |
| AMERICAN INTERNATIONAL | ) | |
| GROUP INC., and AMERICAN | ) | |
| LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

On July 2, 2004, plaintiff Andrew Halstead filed this action against defendants American International Group and American Life Insurance Company, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA") and other federal and state laws.  (D.I. 1)  On July 28, 2004, defendants answered the complaint, asserted counterclaims and moved to have the complaint dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (D.I. 10)

---

[1]Plaintiff argues that defendants' motion cannot be made under Rule 12(b)(6) because defendants answered the complaint at the same time they filed the motion to dismiss.  Instead, plaintiff argues that defendants' motion should be properly considered a motion for judgment on the pleadings pursuant to Rule 12(c).  (D.I. 15 at 5 n.2)  Plaintiff concedes, however, that the standard of review for motions made under both rules is the same; therefore, the court will treat the motion as a motion to dismiss.

## II.   BACKGROUND[2]

Plaintiff, a resident of the United Kingdom, was hired in 2002 by defendants to serve as their Chief Agency Officer.   (D.I. 1 at ¶¶ 15, 17)   Plaintiff worked for defendants for seven months.   In June of 2003, defendants expressed concern over the fact that plaintiff's family still resided in the United Kingdom, as opposed to the United States.   (Id. at ¶ 24)   Later that month, defendants terminated plaintiff's employment because "the chemistry between [them] was not good."   (Id. at ¶ 30)   Plaintiff was 42 years old at the time.   Defendants secured a release of plaintiff's rights to bring an action arising out of the termination of his employment.   (Id. at ¶ 34)   In securing the release, defendants gave plaintiff a short period of time within which to consider the release, withheld two months salary from plaintiff until he executed the release, and paid him $147,000 in consideration for the release.   (Id. at ¶ 35)   The release agreement does not state which claims plaintiff waived by executing the agreement.   (D.I. 12 at A1-A2)

## III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the

---

[2]For the purposes of this motion, the court states the facts as alleged by plaintiff.

plaintiff.  See Trump Hotels & Casino Resorts, Inc. v. Mirage
Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).  "A complaint
should be dismissed only if, after accepting as true all of the
facts alleged in the complaint, and drawing all reasonable
inferences in the plaintiff's favor, no relief could be granted
under any set of facts consistent with the allegations of the
complaint."  Id.  Claims may be dismissed pursuant to a Rule
12(b)(6) motion only if the plaintiff cannot demonstrate any set
of facts that would entitle him to relief.  See Conley v. Gibson,
355 U.S. 41, 45-46 (1957).  The moving party has the burden of
persuasion.  See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d
1406, 1409 (3d Cir. 1991).

**IV.  DISCUSSION**

     Plaintiff asserts that the release is invalid and that,
pursuant to federal law, he can bring his employment
discrimination claims without having to pay back the
consideration.  Defendants argue that plaintiff's claims should
be dismissed because he received $147,000 in exchange for the
release and he has kept that money longer than a year, thereby
ratifying the release.  Defendants also argue that count I and
count II of plaintiff's complaint are the same claim because §
1981a is merely the damages provision of Title VII.[3]

_____

[3]Section 1981a states:
(a) Right of recovery.  (1) Civil rights.  In an action
brought by a complaining party under section 706 or 717

3

Plaintiff contends that he executed the release under duress because defendants withheld two months salary from him and he was given a short amount of time in which to consider his options. Contracts, like the release, that are executed under duress are voidable.[4] See Restatement (Second) of Contracts § 175 (1981). Under Delaware law, a party to a voidable contract may petition a court for recision of the agreement, however, the party seeking to rescind an agreement must restore the status quo ante ("tender back doctrine"). See Rudnitsky v. Rudnitsky, No. 17446-NC, 2001 Del. Ch. Lexis 159, at *16-17 (Del. Ch. December 20, 2001); Craft v. Bariglio, No. 6050, 1984 Del. Ch. Lexis 421, at *32-33 (Del. Ch. March 1, 1984).

There is a federal statutory exception within the ADEA to the tender back doctrine. Pursuant to 29 U.S.C. § 626(f), "[a]n

---

of the Civil Rights Act of 1964 against a respondent who engaged in unlawful intentional discrimination . . . and provided that the complaining party cannot recover under [§ 1981], the complaining party may recover compensatory and punitive damages . . . .

42 U.S.C. § 1981a. By its plain meaning, the statute does not create an independent cause of action, it merely provides a right of recovery for additional damages in a successful discrimination claim. See, e.g., Rotteveel v. Lockheed Martin Corp., No. 01-6969, 2003 U.S. Dist. Lexis 12329, at *10 n.6 (E.D. Pa. July 15, 2003) (citing Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) and Varner v. Illinois State Univ., 150 F.3d 706, 718 (7th Cir. 1998)). Therefore, defendants' motion to dismiss count II is granted.

[4]As opposed to "void." If a contract is "void," it is not legally binding, has no legal effect and cannot be ratified. See, e.g., Long v. Sears Roebuck & Co., 105 F.3d 1529, 1536 n.10 (3d Cir. 1997).

4

individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary . . . ."[5]  Furthermore, "[a]n individual alleging that a waiver agreement . . . was not knowing and voluntary under the ADEA is not required to tender back the consideration given for that agreement before filing . . . a lawsuit."  29 C.F.R. § 1625.23 (2004); see also Oubre v. Entergy Operations, Inc., 522 U.S. 422 (1998).  Most courts, however, have refused to apply the ADEA exception to discrimination claims brought under other laws.  In Wastak v. Lehigh Valley Health Network, 342 F.3d 281 (3d Cir. 2003), the Third Circuit stated that "the statutory [exception] appl[ies] only to ADEA claims."  Id. at 295; see also Chaplin v. Nationscredit Corp., 307 F.3d 368, 375 (5th Cir. 2002) (holding that the exception "applies only to ADEA claims"); Fleming v. United States Postal Service,

---

[5]In count IV of his complaint, plaintiff asserts a cause of action under this statute (also known as the Older Workers' Benefit Protection Act ("OWBPA")).  By its plain terms, the section protects older employees from waiving their rights under the ADEA unknowingly or involuntarily.  It does not, however, create an independent right of action.  It merely establishes minimum requirements for waivers in order to protect employees. The effect of an employer violating the minimum standards is that the waiver is invalid and can no longer be the basis of an affirmative defense to an ADEA claim.  See Whitehead v. Oklahoma Gas & Electric Co., 187 F.3d 1184, 1191-92 (10th Cir. 1999); S. Rep. No. 101-263, at 28 (1990), reprinted in 1990 U.S.C.C.A.N. 1509, 1541 (noting that in order to assert a valid defense, employers will have to prove that the relevant factors of § 626(f) are met).  Therefore, defendants' motion to dismiss count IV is granted.

27 F.3d 259, 261-62 (7th Cir. 1994) (holding that the exception to the tender back requirement did not apply to a claim brought under 42 U.S.C. § 1983). Based on the above statement by the Third Circuit, which is in accord with the holdings of other circuit courts, § 626(f) and its associated regulations are limited to claims brought under the ADEA.

Thus, although plaintiff may challenge the validity of the release because it is voidable as executed unknowingly and involuntarily under duress, he can only do so in the context of his ADEA claim unless he tenders back or puts in escrow the consideration he was paid in securing the release. Therefore, defendant's motion to dismiss is granted as to counts I and V unless, on or before April 6, 2005, plaintiff tenders back or puts in escrow $147,000.

## V.   CONCLUSION

Therefore, at Wilmington this 11th day of March, 2005;

IT IS ORDERED that defendant's motion to dismiss (D.I. 10) is granted as to counts II and IV.[6] Counts I and V shall be dismissed if plaintiff has not tendered back to defendants or put in escrow $147,000 on or before April 6, 2005.

<u>                                    </u>
United States District Judge

----

[6]For the reasons stated, and because it was not challenged by defendants, plaintiff's claim of age discrimination, in violation of the ADEA (count III), is not dismissed.

6